**FILED**
**Oct 25, 2021**
**10:50 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Deborah Morgan | ) | Docket No. 2020-07-0266 |
| | ) | |
| v. | ) | State File No. 29562-2020 |
| | ) | |
| Beall Manufacturing, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

---

## Affirmed and Certified as Final

---

The employee reported injuring her left hand and wrist while in the course and scope of her employment, and the employer initially provided a panel of physicians. After the employee failed to complete a post-accident drug screen, the employer denied the claim, asserting it was entitled to certain presumptions pursuant to the rules governing Tennessee's Drug Free Workplace Program. Following an expedited hearing, the trial court concluded the employer was not entitled to any presumptions but also found the employee failed to show she is likely to prevail at trial in proving medical causation and denied her request for medical benefits. Thereafter, the employer filed a motion for summary judgment, which the trial court denied. The employer subsequently provided a panel of orthopedic physicians to the employee, and, after obtaining a causation opinion from the authorized physician, the employer filed a second motion for summary judgment. In response to the motion, the employee submitted a medical record and letter from the authorized physician addressing causation. The trial court determined that the employee's causation opinions were inadmissible at the summary judgment stage. The court granted the employer's motion for summary judgment and dismissed the employee's claim, concluding the employer successfully negated an essential element of the employee's claim and established the employee's proof was insufficient to create a genuine issue of material fact as to causation. The employee has appealed. Upon careful review of the record, we affirm the trial court's order and certify it as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Deborah Morgan, McKenzie, Tennessee, employee-appellant, pro se

1

Paul T. Nicks, Nashville, Tennessee, for the employer-appellee, Beall Manufacturing, Inc.

**Factual and Procedural Background**

Deborah Morgan ("Employee"), a press operator for Beall Manufacturing, Inc. ("Employer"), alleged she felt a "pop" in her left hand/wrist on May 5, 2020, while moving parts on a press machine. Employer provided a panel of physicians, from which Employee selected McKenzie Medical Center. Upon arrival at the medical center, Employee was asked to provide a urine sample for a post-accident drug screen but was unable to provide an adequate urine specimen. While at the clinic, Employee was seen by a provider and referred to another physician for further evaluation of her hand and wrist. Thereafter, Employer denied Employee's claim, alleging she had violated its drug-free workplace policy by refusing to submit to a drug screen. Subsequently, Employer advised Employee that she could not return to work until she received medical treatment for her injury. Employee was eventually terminated for violation of Employer's attendance policy.

Employee filed a petition for workers' compensation benefits and, following an unsuccessful mediation, a dispute certification notice was issued that identified compensability, medical benefits, and temporary and permanent disability benefits as disputed issues. As part of its defense, Employer asserted: (1) Employee's injury did not occur in the course and scope of employment; (2) Employee lacked medical proof establishing her injury was primarily caused by her work with Employer; and (3) Employee failed to submit a valid drug test, entitling Employer to the presumption that intoxication was the proximate cause of Employee's injury. After an expedited hearing, the trial court determined Employer was not entitled to the presumption set forth in the drug free workplace rules. The court also denied Employee's claim for medical benefits, concluding Employee was unlikely to prove at trial, within a reasonable degree of medical certainty, that her work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."

Employer subsequently filed a motion for summary judgment, which the trial court denied, concluding Employer failed to meet its burden of showing that Employee's evidence was insufficient to establish causation. Thereafter, Employer offered a panel of orthopedic surgeons to Employee from which she selected Dr. Michael Calfee as her authorized treating physician. Dr. Calfee diagnosed Employee with carpal tunnel syndrome and degenerative arthritis of the metacarpophalangeal joint of the left thumb.

Employer later filed a second motion for summary judgment accompanied by Dr. Calfee's affidavit in which he stated that Employee's "current symptoms are attributable to her carpal tunnel syndrome and her carpal tunnel syndrome was not primarily or greater than 50% caused by the pop that occurred on May 5, 2020." Dr. Calfee's

2

affidavit also included an opinion that Employee's current symptoms were not "primarily or greater than 50% related to her pop in her wrist that occurred on May 5, 2020." Employer asserted that the undisputed facts, including Employee's interrogatory response indicating that "[s]omething snapped in my left hand" on May 5, 2020, and Dr. Calfee's affidavit, negated an essential element of Employee's claim for benefits.

In response to Employer's motion, Employee provided a medical note from Michael Brown, a physician's assistant, co-signed by Dr. James Williams, which stated:

> Based on interview today and review of records I believe that the work incident contributed [greater than] 50% to the current health issue with her hand. I have advised her to continue with [work comp] claim and to [follow up] with orthopedics for eval[uation].

Employee also submitted a letter from Dr. Calfee, stating "[Employee] does have a diagnosis of carpal tunnel syndrome. I do think it is possible her carpal tunnel syndrome was caused by repetitive work in her employment . . . however it was not caused by her injury on May 5, 2020."

After hearing arguments on Employer's motion for summary judgment, the trial court noted in its order that, although Employee produced a medical record from Mr. Brown and Dr. Williams and a letter from Dr. Calfee, those documents were not admissible at the summary judgment hearing pursuant to Rule 56 of the Tennessee Rules of Civil Procedure. As a result, the court concluded Employee had failed to produce any evidence creating a genuine issue of material fact as to causation. The court also concluded that Employer had negated causation, an essential element of Employee's claim. Thus, the court granted Employer's motion for summary judgment and dismissed Employee's claim with prejudice. Employee has appealed.

## Standard of Review

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.*

## Analysis

Our Supreme Court has explained the requirements for a movant to prevail on a motion for summary judgment:

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record."

*Id.* at 264-65 (internal citations omitted).

In her notice of appeal, Employee asserts Dr. Calfee should have been "allowed to answer the [causation] question the way it was asked of him by the insurance [c]ompany." Employee maintains that Dr. Calfee opined her diagnosis was related to her job but was "given different wording by someone that makes it look like it wasn't." Further, Employee asserts she was "tricked into seeing [Employer's] doctor by being offered treatment" and this was used to "void" her causation letter.

Employee further alleges there were problems with Dr. Calfee's affidavit, purportedly based on the way a causation letter was drafted. It is undisputed that Employee selected Dr. Calfee from an Employer-provided panel of physicians and received medical treatment from him. It is also undisputed that Dr. Calfee signed his affidavit, attesting that Employee's current symptoms are "attributable to her carpal tunnel syndrome and her carpal tunnel syndrome was not primarily or greater than 50% caused by the pop that occurred on May 5, 2020." As an authorized physician selected from a panel, Dr. Calfee's causation opinion is presumed to be correct. *See* Tenn. Code Ann. § 50-6-102(14)(E).

Although Employee filed a brief on appeal, it contained no legal arguments and no explanation describing how the trial court purportedly erred in granting Employer's motion for summary judgment or dismissing her claim with prejudice. Rather, Employee provided a detailed history of her alleged injury and her attempts to obtain medical treatment, including issues with drug screens and the trial court's denial of her Motion for Reduction of Time, neither of which was the basis for her appeal. When an appellant fails to offer substantive arguments on appeal, our ability to conduct meaningful appellate review is significantly hampered. *See Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). Moreover, "where a party fails to develop an argument

4

in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). It is not our role to search the record for possible errors or to formulate a party's legal arguments where that party has provided no meaningful argument or authority to support its position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). As we have stated on numerous occasions, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as her counsel, which the law prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Finally, we agree with the trial court's determination that Employee failed to present an admissible medical opinion. While we are aware Employee went to great lengths to obtain a causation opinion regarding her alleged injury, including a medical record signed by Mr. Brown and Dr. Williams and a letter from Dr. Calfee, we agree with the trial court's conclusion that Employee "produced no admissible material facts to lead the Court to find in her favor." As the trial court noted in its order, we previously addressed the use of medical records supporting and opposing summary judgment as follows:

> At the summary judgment stage, parties must comply with the requirements of Rule 56 of the Tennessee Rules of Civil Procedure, which sets out what a court may consider in ruling on such a motion. Specifically, Rule 56.04 allows a court to consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." Medical records, standing alone, are not included in that list.

*Sadeekah v. Zaher Abdelaziz d/b/a Home Furniture and More*, No. 2020-06-0218, 2021 TN Wrk. Comp. App. Bd. LEXIS 19, at *12-13 (Tenn. Workers' Comp. App. Bd. June 22, 2021). Thus, the causation opinions offered by Employee were not admissible at the summary judgment hearing and were properly excluded by the trial court. In short, we conclude Employer met its burden of production under Rule 56 of the Tennessee Rules of Civil Procedure in negating an essential element of Employee's claim and in establishing Employee's proof of medical causation was insufficient as a matter of law. We further conclude Employee did not come forward with admissible evidence at the summary judgment stage to create any genuine issue of material fact.

## Conclusion

The trial court's order granting summary judgment and dismissing Employee's case with prejudice is affirmed and certified as final. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| Deborah Morgan | ) | Docket No. 2020-07-0266 |
|---|---|---|
| | ) | |
| v. | ) | State File No. 29562-2020 |
| | ) | |
| Beall Manufacturing, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 25th day of October, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Deborah Morgan | | | | X | djackmorgan13@gmail.com |
| Paul T. Nicks<br>Jody Schmidt | | | | X | pnicks@travelers.com<br>jschmid6@travelers.com |
| Amber E. Luttrell, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov